1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10   Q. R., et al.,                              Case No.  24-cv-00689-RS

              Plaintiffs,
11

12        v.                                     **ORDER GRANTING MOTION TO**
                                                 **PROCEED PSEUDONYMOUSLY**
13   COOPERSURGICAL, INC., et al.,

14            Defendants.

15          Plaintiffs Q.R. and S.T. brought this products liability case against medical device

16   corporation Coopersurgical, Inc., the Cooper Companies, and associated Does (together,

17   "Defendants") alleging that Defendants' defective embryo culture media destroyed Plaintiffs'

18   developing embryos. Plaintiffs now move to proceed pseudonymously. Defendants do not directly

19   oppose the motion but ask that Plaintiffs identify themselves to Defendants by providing their full

20   and legal names pursuant to a protective order, so that Defendants may share unredacted

21   documents to third parties such as experts or deponents. For the reasons explained herein, the

22   motion is granted with the caveat that Plaintiffs share their full and legal names with Defendants

23   seven days after entry of a protective order.

24          Federal Rule of Civil Procedure 10 requires a complaint to state the name of all the parties.

25   Fed. R. Civ. Pro. 10(a). Likewise, Rule 17 mandates an action "be prosecuted in the name of the

26   real party in interest." Fed. R. Civ. Pro 17(a)(1). However, the Ninth Circuit permits parties to

27   advance pseudonymously in the "unusual case when nondisclosure of the party's identity is

28   necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does*

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal

2    quotations omitted). Further, "a party may preserve his or her anonymity in judicial proceedings in

3    special circumstances when the party's need for anonymity outweighs prejudice to the opposing

4    party and the public's interest in knowing the party's identity." *Id.* at 1068. "The 'public interest in

5    understanding judicial process' has supported [the Ninth Circuit's] 'general history of access.'"

6    *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*; 596 F.3d 1036, 1043 (9th Cir. 2010)

7    (quoting *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.2006)). Balancing the

8    public interest inquiry requires an explanation for "how disguising plaintiffs' identifies will

9    obstruct public scrutiny of the important issues in this case." *Advanced Textile Corp.*, 214 F.3d at

10   1072.

11          The facts in this case pertain to sensitive, personal health and medical matters related to

12   fertility and contraception. Plaintiffs have sufficiently demonstrated how revealing their identities

13   publicly could cause them significant embarrassment or emotional injury because of the sensitive

14   nature of this case. Forcing Plaintiffs to disclose widely their fertility struggles may exacerbate

15   their injury. Furthermore, the risk of prejudice to Defendants is nonexistent as Plaintiffs will be

16   sharing their identities with Defendants to permit them to litigate effectively the claims at issue.

17   While there is a general public interest in the disclosure of parties' identities, Plaintiffs' request is

18   sufficiently narrowly tailored and does not obstruct public scrutiny of the more important issues in

19   this case, that is, the product liability and fertility negligence claims. Rather, the potential chilling

20   effect caused by forcing similarly situated plaintiffs with fertility negligence claims to proceed

21   publicly may, in fact, *harm* the public interest. Accordingly, the motion is granted, and materials

22   filed with the court that refer to Plaintiffs must do so by the initials Q.R. and S.T. Plaintiffs must

23   disclose their identities to Defendants seven days after a protective order is entered.

24

25   **IT IS SO ORDERED**.

26

27   Dated: March 18, 2024

28
                                        ORDER GRANTING MOTION TO PROCEED PSEUDONYMOUSLY
                                        CASE NO. 24-cv-00689-RS

                                                    2

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28